**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| CONSOLIDATED COMPANIES, INC. | CIVIL ACTION NO. 98-1804 L-O |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| UNION PACIFIC RAILROAD COMPANY, INDIVIDUALLY AND IN ITS CAPACITY AS SUCCESSOR IN INTEREST TO THE SOUTHERN PACIFIC TRANSPORTATION COMPANY AND SOUTHERN PACIFIC COMPANY | |

## **MEMORANDUM RULING**

Before the Court is a "Motion to Alter or Amend Order" filed by the Defendant, Union Pacific Railroad Company ("Union Pacific"). [Doc. No. 123-1]. Union Pacific's motion seeks to have the Court's February 17, 2006 Order [Doc. No. 118] amended to include language to make that interlocutory order immediately appealable pursuant to 28 U.S.C. § 1292(b). The Plaintiff, Consolidated Companies, Inc., opposes the motion.

The Court of Appeal has discretion to hear an appeal of an interlocutory order in which the district judge states in writing in the order "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 12 U.S.C. §1292(b). The Court of Appeal does not have jurisdiction to hear an appeal of an interlocutory order that does not contain such a statement. Id.

This Court's February 17, 2006 Order held that the contiguous parcels of property which represent the former Southern Pacific railroad yard constitute the "facility" for purposes of evaluating the plaintiff's claims for relief under the Resource Conservation

Recovery Act and/or the Louisiana Environmental Quality Act. This sole issue was litigated prior to trial in an effort to streamline the litigation, since the scope of the facility at issue is determinative of many of the substantive issues. This issue of the scope of the facility is an issue of first impression, and there are substantial grounds for differences of opinion. This Court's ruling on the issue fundamentally affects the quantity and quality of facts and issues in dispute as well as the potential relief available. It will have widespread ramifications on the scope of discovery and greatly affect the scope of evidence at trial. Accordingly, the Court finds that an immediate appeal of this issue would materially advance the ultimate termination of the litigation.

Rule 5 of the Rules of Appellate Procedure provides that the district court may amend an interlocutory order issued without permitting permission to appeal to contain a statement that the conditions for appeal are satisfied. For the foregoing reasons, Union Pacific's motion for such an amendment [Doc. No. 123-1] is **GRANTED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 11th day of April, 2006.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE